**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-10055-ELFENBEIN

**CHRISTOPHER FOSTER**,

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

Defendant.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Christopher Foster's ("Plaintiff") Motion for Summary Judgment, (the "Motion"), ECF No. [9], and on Defendant Frank Bisignano's, as Commissioner of the Social Security Administration ("Defendant"), Motion For Summary Judgment and Response to Plaintiff's Motion for Summary Judgment (the "Response"), ECF No. [13]. Plaintiff subsequently filed a Response to Defendant's Motion for Summary Judgment and Reply in support of Plaintiff's Motion for Summary Judgment (the "Reply"), ECF No. [14]. The Parties have not objected to the undersigned's jurisdiction and, therefore, have consented to it. *See* ECF No. [5] at 2 ("If no party objects to Magistrate Judge jurisdiction within this timeframe, then this case will proceed in full before the undersigned Magistrate Judge for all purposes, including entering any dispositive order and final judgment."). Having reviewed the Parties' filings, the record, and the relevant law, Plaintiff's Motion for Summary Judgment, **ECF No. [9]**, is **DENIED**, Defendant's Motion for Summary Judgment, **ECF No. [13]**, is **GRANTED**, and the Administrative Law Judge's ("ALJ") Decision is **AFFIRMED**.

## I. BACKGROUND

On May 16, 2023, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and on May 31, 2023, for Supplemental Security Income ("SSI") under Title XVI of the Act, alleging disability starting on May 9, 2023, based on a large tissue mass, tinnitus, hernia mesh, anxiety, depression, and low vision. *See* ECF No. [6-2] at 11; ECF No. [6-5] at 11, 18-19; *see also* ECF No. [6-6] at 5. The Social Security Administration ("SSA") initially denied Plaintiff's disability application on May 28, 2024, and again upon reconsideration on September 3, 2024. *See* ECF No. [6-2] at 11. Thereafter, Plaintiff requested a hearing, which the ALJ held on March 26, 2025 (the "Hearing"). *See id*. at 11, 33-54. The ALJ issued an unfavorable decision on April 1, 2025, finding Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 9, 2023, through the date of this decision." *See* ECF No. [6-2] at 8-10, 12, 17. The Appeals Council denied Plaintiff's request for review on June 2, 2025, making the ALJ's Decision final. *See id.* at 2.

## II. LEGAL STANDARDS

### A. <u>Judicial Review of Claims under the Act</u>

A court's review of an ALJ's decision is limited to assessing whether there is substantial evidence in the record to support the ALJ's findings and whether the ALJ applied the correct legal standards in reaching his or her determination. *See Biestek v. Berryhill*, 587 U.S. 97, 104 (2019). Moreover, the Court will affirm an ALJ's decision so long as substantial evidence supports it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." (quotation marks omitted)).

The standard for substantial evidence requires more than a mere scintilla and necessitates relevant evidence that a reasonable person would accept as sufficient to uphold a conclusion. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (finding that substantial evidence is "more than a scintilla, but less than a preponderance"). Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). Even if the evidence leans against the ALJ's decision, the court must uphold it if substantial evidence supports it. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). "The ALJ need not discuss every piece of evidence if the ALJ's decision is not a broad rejection and there is enough for us to conclude that the ALJ considered the claimant's medical condition as a whole." *Raper v. Commr. of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024), *cert. denied sub nom*. 145 S. Ct. 984 (2024) (citing *Dyer*, 395 F.3d at 1210; *Jamison v. Bowen*, 814 F.2d 585, 590 (11th Cir. 1987)).

### B. Regulatory Framework for Evaluating Subjective Complaints

Social Security regulations require the ALJ to consider and evaluate all evidence, including from nonmedical sources. 20 C.F.R. § 404.1513(a). This type of evidence includes "any information from a "nonmedical source (including [the claimant]) about any issue in [the claimant's] claim." 20 C.F.R. § 404.1513(a)(4). A claimant can establish existence of a disability through her "own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In that scenario, the Eleventh Circuit requires courts to apply a three-part "pain standard" requiring "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223

(11th Cir.1991)). In evaluating the third prong, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (citation omitted). The ALJ must "articulate explicit and adequate reasons" for rejecting a claimant's subjective testimony, but if the ALJ fails to articulate such reasons, then as a matter of law, the testimony must be accepted as true. *Wilson*, 284 F.3d at 1225 (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir.1988)).

**C. <u>The SSA's Sequential Evaluation for Disability Claims</u>**

To be eligible for disability insurance benefits ("DIB"), a claimant must meet the disability criteria outlined in the Act. *See* 42 U.S.C. § 423. A "disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

To determine a claimant's eligibility for DIB, the ALJ employs a five-step sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). At the ***first step***, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i) ("At the first step, we consider your work activity, if any."). If so, a finding of "no disability" is made. *See* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.").

If the claimant is not engaged in substantial gainful activity, then the ALJ must proceed to the ***second step*** and determine whether the claimant suffers from a "severe impairment." *See* 20 C.F.R. § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s)."). An impairment is severe if it significantly limits the claimant's physical or

mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c) (stating that an impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities"). If no severe impairment is found, then the ALJ will conclude that there is no disability; if a severe impairment is found, then the ALJ will proceed to the next step of the analysis. *See id.* ("If you do not have any impairment or combination of impairments . . . , we will find that you . . . are [] not disabled. . . . However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.").

The ***third step*** requires the ALJ to determine whether the claimant's impairment meets or equals those listed in Appendix 1 of the Regulations. *See* 20 C.F.R. § 404.1520(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled."). If so, the ALJ will find the claimant disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.").

If a claimant's impairment does not meet or equal those listed in Appendix 1 of the Regulations, the ALJ must proceed to ***step four***. *See* 20 C.F.R. § 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record[.]"). Step four requires the ALJ to determine whether the claimant has the residual functional capacity ("RFC") to perform past relevant work. *See id.* The Regulations define RFC as "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). This determination takes into account "all of the relevant medical and other evidence," including

the claimant's own testimony and the observations of others. 20 C.F.R. § 404.1545(a)(3). The ALJ must then compare the RFC with the physical and mental demands of the claimant's past relevant work to determine whether the claimant is still capable of performing that kind of work. *See* 20 C.F.R. § 404.1520(f) ("If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, which we made under paragraph (e) of this section, with the physical and mental demands of your past relevant work."). If so, the claimant is found not disabled. *See* 20 C.F.R. § 404.1520(f) ("If you can still [perform past relevant] work, we will find that you are not disabled.").

If the claimant establishes an inability to return to past relevant work, the inquiry turns to ***step five***. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c). "At step five the burden of going forward shifts to the [Commissioner] 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Hale*, 831 F.2d at 1011). If the Commissioner points to possible alternative employment, then the burden returns to the claimant to prove an inability to perform those jobs. *Id.*

## III. THE ALJ'S DECISION

On April 1, 2025, Administrative Law Judge Tracey B. Leibowitz ("the ALJ") entered an unfavorable decision, finding Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 9, 2023, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g))." *See* ECF No. [6-2] at 17.[1] In reaching this conclusion, the ALJ employed the SSA's five-step sequential evaluation outlined above.

[1] The page numbers indicate the blue CM/ECF page numbers noted at the top of each document filed on the docket.

At ***step one***, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity ("SGA") since the May 9, 2023 alleged onset date.[2] *See id*. at 13. She explained that, although Plaintiff's earnings in the last quarter of 2024 surpassed the SGA threshold, he testified that his work was part time. *Id*. Based on this available evidence, she found that this work "may not have been substantial enough to meet the full SGA definition." *Id*. At ***step two***, the ALJ found Plaintiff had the "severe impairment" of inguinal hernia, which "significantly limit[s] the ability to perform basic work activities as required by SSR 85-28." *See id*. at 14.

At ***step three***, the ALJ concluded that Plaintiff's impairments failed to meet the criteria listed in Appendix 1 to Subpart P of Part 404 of the Regulations. *See id*. The ALJ explained that Plaintiff did not meet any of the gastrointestinal listings due to the lack of evidence of "recurrent obstruction, significant weight loss, malnutrition, or ongoing complications" after his hernia repair surgery. *See id*. She also noted that Plaintiff did not need any medical intervention post-surgery. *See id*. Before moving on to step four, the ALJ noted that her RFC assessment reflects that she considered (1) "all symptoms and the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence" and (2) the "medical opinion(s) and prior administrative medical finding" based on the requirements of the Regulations and SSR 16-3p. *Id*. Because Plaintiff's impairments did not meet or equal any of the Listings in Appendix 1 of the Regulations, the ALJ proceeded to step four of the five-step analysis.

At ***step four***, the ALJ concluded that Plaintiff has the RFC to perform a full range of medium work. *See id*. at 14. While the ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms," she ultimately

[2] The ALJ found Plaintiff met the Social Security Act's insured status requirements through March 31, 2027. *See id*. at 13.

concluded that Plaintiff's statements regarding the "intensity, persistence and limiting effects" of those symptoms are "not entirely consistent with the medical evidence and other evidence in the record." *See id*. at 15. The ALJ determined that while Plaintiff's right inguinal hernia is a severe impairment, the record overall fails to demonstrate functional limitations precluding work at the "medium exertional level." *See id*.

To come to this conclusion, the ALJ considered the entire — albeit limited — record. The ALJ first explained that Plaintiff was diagnosed with a right inguinal hernia in May 2023, underwent surgery for this on September 25, 2023, and there are no medical records reflecting any complications or follow-up treatment after the surgery. *See id*. She noted that the medical records show Plaintiff's complaints of pain prior to the surgery. *See id*. The ALJ next briefly summarized Plaintiff's testimony from the Hearing regarding his pain and daily activities. *See id*. She explained that Plaintiff had SGA earnings in the fourth quarter of 2024 from part-time work, demonstrating that he has the ability to work "at a competitive level." *See id*.

Third, the ALJ considered opinions from the State Agency medical consultants and found them to be unpersuasive at the initial and reconsideration levels. *See id*. at 15. She explains that the consultants all found there was insufficient evidence to assess Plaintiff's claims, which contrasts with the medical records. *See id*. The ALJ explained that, although the overall record is limited, it contains enough evidence to render a determination here. *See id*. She notes that the medical records indicate that Plaintiff was discharged in stable medical condition after his September 25, 2023 surgery and that the records are devoid of any post-surgery complications, follow-up treatment, and emergency care. *See id*. Taking this and Plaintiff's testimony during the Hearing into consideration, the ALJ reasoned that Plaintiff's symptoms are not serious enough to require ongoing medical intervention. *See id*. Because Plaintiff also is relatively independent in

his daily activities, the ALJ concluded that the record did not support the State Agency's finding of insufficient evidence to make a determination. *See id*. at 15.

Considering Plaintiff's RFC, the ALJ found that Plaintiff did not have past relevant work. *See id*. at 16. Because Plaintiff lacked the RFC to perform past relevant work, the ALJ proceeded to ***step five*** of the SSA's five-step sequential analysis. *See id.* at 16. At this analytical step, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" *See id.* The ALJ noted that while Medical-Vocational Rule 203.25 would have directed him to find Plaintiff "not disabled," Plaintiff's ability to perform all or substantially all the requirements of this work level is hindered by additional limitations. *See id*. As a result, the ALJ posed a hypothetical to a vocational expert ("VE") during the Hearing to determine to what degree Plaintiff's limitations "erode the unskilled medium occupational base." *See id*. The VE testified that, given all the relevant factors, Plaintiff could perform work as a (1) kitchen helper; (2) industrial cleaner; or (3) sandwich maker. *See id.* Based on the VE's testimony and after considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff was not disabled because he "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.*

## IV. DISCUSSION

Plaintiff's main contention is that substantial evidence does not support the ALJ's RFC finding. *See* ECF No. [9] at 5, 9. Specifically, Plaintiff asserts that the ALJ failed to provide a legally sufficient reason for why the record undermined Plaintiff's subjective complaints and that the hypothetical she posed to the VE was incomplete because it failed to capture all his limitations. *See id*. at 5-7. Further, he argues that the ALJ failed to fully develop the record because the ALJ

did not order consultative examinations and "played doctor" by rendering her decision without the benefit of such examinations. *See id*. at 10-11.

Defendant opposes Plaintiff's contentions, arguing that substantial evidence supports the ALJ's findings. *See* ECF No. [13] at 1. Specifically, Defendant contends that the ALJ properly evaluated Plaintiff's subjective complaints and detailed how Plaintiff's allegations regarding disabling limitations were not entirely reliable and that Plaintiff's arguments on appeal are simply a request for the Court to reweigh the evidence. *See id*. at 7-8. Moreover, Defendant asserts that the ALJ properly developed the record, was not required to order a consultative examination, and even if she had done so, the overall record supports her RFC finding. *See id*. at 9-10. In the Reply, Plaintiff largely reiterates his positions in the Motion. *See* ECF No. [14] at 2-4.

Upon review of the Parties' respective filings and the underlying record, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. [9], grants Defendant's Motion for Summary Judgment, ECF No. [13], and affirms the ALJ's Decision. The Court first finds that the ALJ properly evaluated Plaintiff's subjective complaints and substantial evidence supports her RFC findings. Second, the Court concludes that the ALJ was not required to order consultative examinations and did not fail to fully develop the record, so substantial evidence support her RFC findings.

### A. The ALJ Properly Evaluated Plaintiff's Subjective Complaints Pursuant to SSR 16-3p and Eleventh Circuit Precedent

As detailed above, a plaintiff may establish disability by testifying about his or her own pain or other subjective symptoms. *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) (citation omitted). The Eleventh Circuit's three-part "pain standard" for evaluating whether the ALJ properly considered such testimony requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the

alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *See Chatham*, 764 F. App'x at 868 (quoting *Wilson*, 284 F.3d at 1225); *see also* SSR 16-3p; 20 C.F.R. § 416.929. In evaluating the latter prong, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (citation omitted). The ALJ must clearly articulate explicit and adequate reasons for discrediting Plaintiff's subjective complaints, and the trial court must affirm if substantial evidence — that is, "such relevant evidence as a reasonable mind might accept as adequate" — supports those reasons. *See Dyer*, 395 F.3d at 1210; *Winschel*, 631 F.3d at 1178; *Schink*, 935 F.3d at 1257. Stated differently, so long as substantial evidence supports the ALJ's decision and she clearly articulates the reasons for the credibility determination, then the ALJ did not err. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807–08 (11th Cir. 2013). In making this determination, however, the Court cannot reweigh the record evidence. *See Burke v. Kijakazi*, No. 22-CV-389-LCB, 2023 WL 5103134, at *3 (N.D. Ala. Aug. 9, 2023).

To recap, Plaintiff alleged disability due to depression, anxiety, inguinal hernia, large tissue mass, and tinnitus since May 9, 2023. *See* ECF No. [6-5] at 11, 18-19; *see also* ECF No. [6-6] at 5.[3] The Court finds that the ALJ did not err when she assessed Plaintiff's testimony regarding the

[3] The Court first notes that while Plaintiff asserts that he alleged impairments other than an inguinal hernia as a basis for his disability, he concedes that he had no treatment for these. *See* ECF No. [9] at 9. Although the ALJ does not specifically explain in her sequential analysis that Plaintiff failed to provide medical evidence regarding these other issues at step two, her findings relate to the alleged inguinal hernia condition and Plaintiff's subjective complaints surrounding it. *See* ECF No. [6-2] at 13-15. Indeed, 42 U.S.C. § 423 (d)(5) requires an individual seeking social security disability benefits to present medical and other evidence substantiating the existence of the disability and that his statements regarding his symptoms alone will not be conclusive evidence of the disability. *See* 42 U.S.C. § 423(d)(5); *see also* 20 C.F.R. § 416.929 ("There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and

intensity, persistence, and limiting effects of those symptoms as "not entirely consistent" with the medical evidence and other evidence in the record. Specifically, the ALJ explained that she did not find Plaintiff's testimony to be entirely consistent for multiple reasons: (1) while Plaintiff reported pain pre-surgery, there are no post-surgical medical records supporting complications or follow-up treatment; (2) the record is devoid of any further emergency room visits, physician notes "documenting ongoing limitations or functional restrictions related to the hernia after the procedure," or imaging studies; (3) Plaintiff testified to experiencing some pain but he does not take medication for it; (4) Plaintiff lives independently on a boat, regularly coming ashore to purchase groceries, cares for his dog, and occasionally goes fishing; and (5) Plaintiff, despite the work being part-time, had SGA earnings during the fourth quarter of 2024 and this shows he has the ability to work at a competitive level. *See* ECF No. [6-2] at 15. Moreover, she explained that Plaintiff's activities of daily living "require a degree of physical exertion consistent with medium work." *See id*.

To support his contention that the ALJ failed to properly evaluate his subjective complaints under SSR 16-3p, Plaintiff (1) points to portions of his testimony from the Hearing that contradict those that the ALJ relied on in making her finding; (2) that she "failed to reference Plaintiff's function report or visual questionnaire;" and (3) his lack of treatment is due to his "significant" financial constraints and not lack of symptoms. *See* ECF No. [9] at 5-7. According to Plaintiff, substantial evidence does not support the ALJ's RFC determination because, while it makes a "very small accommodation for abdominal pain by limiting Plaintiff to medium work," it "makes

---

laboratory findings), would lead to a conclusion that you are disabled."). As such, Plaintiff failed to meet his burden at step one of the Eleventh Circuit "pain standard" regarding the anxiety, depression, and tinnitus allegations, and the ALJ properly considered the subjective complaints as related to the alleged inguinal hernia, which she found to be a "severe impairment" which "significantly limit[s] the ability to perform basic work activities as required by SSR 85-28," as explained above. *See* ECF No. [6-2] at 14.

no accommodation for Plaintiff's testimony that twisting and sitting exacerbate his pain or that he needs to lie down due to pain." *Id*.

Having clearly articulated the reasons for her credibility finding and relying on substantial evidence for that determination, the ALJ did not err in her finding that Plaintiff's testimony was not entirely consistent with the record. The Court rejects Plaintiff's contentions that the ALJ simply provided "boilerplate" instead of legally sufficient reasons for why the evidence undermined his subjective complaints and supported the rejection. By pointing to those portions of the record that contradict the ALJ's findings, Plaintiff impermissibly asks the Court to reweigh the evidence to conclude that the ALJ's finding was not supported. The Court declines to do so as it would be contrary to its role on appeal. *See Winschel*, 631 F.3d at 1178 (citation omitted) (explaining that the Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]."). Moreover, Plaintiff misconstrues the ALJ's findings because the ALJ pointed out that the "medical evidence" and "other evidence," consisting of Plaintiff's lack of follow-up treatment, his failure to take any pain medication, his testimony about his daily activities, and Plaintiff's earnings in the last quarter of 2024, is "not entirely consistent" with Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms. *See* ECF No. [6-2] at 15.

Plaintiff further argues that the ALJ's RFC finding of medium work is contradicted by his testimony, which shows that he "struggles to perform activities essential to living," relying on *Johnson v. Berryhill* to support his proposition. 382 F. Supp. 3d 1200, 1212-13 (N.D. Ala. 2019); *see also* ECF No. [9] at 6. In *Johnson*, the Northern District of Alabama found that substantial evidence did not support the ALJ's credibility determination regarding the plaintiff's activities of daily living because the ALJ failed to consider the record as a whole in his limited description of

plaintiff's daily activities. *See Johnson*, 382 F. Supp. 3d 1200 at 1212-13. That is not the case here. Although the ALJ does not copy and paste the Hearing transcript into her findings, she accounts for Plaintiff's testimony in qualifying his daily activities. *See* ECF No. [6-2] at 14 (explaining that "while the procedure alleviated some issues, [Plaintiff] continues to experience discomfort that affects his daily activities. He is not taking any medication for the condition, but struggles with prolonged sitting, needing to lie down frequently. He has no significant difficulty walking, but has limited ability to lift and move around for extended periods."). Accordingly, the Court finds that the ALJ sufficiently considered the record as a whole when evaluating Plaintiff's daily activities. *See Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984) ("[W]e evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.").

Next, Plaintiff asserts that his lack of treatment is due to indigency and not a lack of symptomatology. *See* ECF No. [9]. He points to different portions of the record indicating he was homeless and that he receives food stamps. *See id*. at 9; *see also e.g*. ECF No. [6-3] at 12. But the ALJ did not base her decision solely on the lack of objective medical evidence. Indeed, she explains that, while the record is limited, she reviewed it in its entirety to make her findings. *See* ECF No. [6-2] at 11-12,14-15. Although she relied on the lack of treatment post-operation, the ALJ also relied on the fact that Plaintiff was discharged without complication, the fact that none of the medical records document ongoing limitations or functional restrictions related to the hernia, Plaintiff's testimony regarding his functionality, and the fact that he had SGA earnings during the fourth quarter of 2024, over one year post surgery. This substantiates that her finding was not based solely on the lack of objective medical evidence. *See* ECF No. [6-2] at 15. Moreover, she discusses this when explaining why she found the State medical consultants' findings of

insufficient evidence unpersuasive. *See id*. She notes that, considering Plaintiff's testimony in conjunction with the lack of medical evidence, the record does not support the State Agency determinations. *See id*. Further, the Court notes that Plaintiff failed to raise the indigency argument during the Hearing, despite his counsel being given multiple opportunities to do so. *See id*. at 50-51 (ALJ: "Okay. Thank you, sir. Mr. Kavanaugh, any follow-up?" A: "No, Your Honor. Thank you."); *see also id*. at 37-44.

Finally, Plaintiff asserts that the ALJ posed incomplete hypotheticals to the VE because they were missing limitations supported by the record. *See* ECF No. [9] at 8, 13. In doing so, Plaintiff does not point to any of these limitations purportedly supported by the record and states in a conclusory manner that this undermines the ALJ's finding at step five. *See id*. While the Response is silent on this point, the Court notes that Plaintiff's counsel was given the opportunity to pose questions to the VE during the Hearing and chose not to ask about the limitations "supported" by the record. *See* ECF No. [6-2]. Further, Plaintiff forfeited this argument by failing to point to specific facts in the record that support his position. *See Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 684 (11th Cir. 2019) (finding plaintiff abandoned any factual challenge to the ALJ's conclusion where plaintiff failed to specify "which aspect of the ALJ's decision was incorrect or unsupported by substantial evidence."); *see also Balthazar Mgmt., LLC v. Beale St. Blues Co.*, Inc., No. 17-CV-81214, 2019 WL 1958548, at *7 (S.D. Fla. Apr. 9, 2019) ("Likewise, district court judges are not required to ferret out delectable facts buried in a . . . record." ) (quoting *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011)).

Even if Plaintiff did not forfeit this argument, the ALJ accounts for Plaintiff's additional limitations. *See* ECF No. [6-2] at 16 ("[Plaintiff]'s ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the

extent to which these limitations erode the unskilled medium occupational base, I asked the VE whether jobs exist in the national economy for an individual with [Plaintiff]'s age, education, work experience, and residual functional capacity."); *id*. at 51-53. And "[w]hile one could credit the evidence differently to justify adding further limitations in the RFC, that is not the province of the Court." *Gray v. Colvin*, No. 24-CV-018, 2025 WL 25956, at *7 (S.D. Ga. Jan. 3, 2025) *report and recommendation adopted sub nom*. *Gray v. King*, No. 24-CV-018, 2025 WL 299794 (S.D. Ga. Jan. 24, 2025). Rather, the "Court's job is . . . to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant." *Id*.

For these reasons, the Court finds that substantial evidence supports the ALJ's Decision and that the ALJ clearly articulated the reasons for her credibility determination. *See Cooper*, 521 F. App'x at 807–08.

**B. The ALJ Did not Err by Failing to Order a Consultative Examination**

Plaintiff next argues that despite his request and the limited medical record, the ALJ never ordered a consultative examination. *See* ECF No. [9] at 9. He details instances where he could not seek medical care due to his indigency and asserts that the "lack of medical evidence clearly prejudiced" him. *See id*. at 10. In Plaintiff's view, the ALJ "relied heavily upon the absence of [his] treatment and scant medical evidence in erroneously concluding that this meant he had no symptoms." *Id*. at 10. Because of this, Plaintiff contends that there is a "clear evidentiary gap" because of the absence of medical records after September 25, 2023. *See id*. He argues that the ALJ erroneously found the State agency's assessments of insufficient information for an evaluation unpersuasive. *See id*. at 11. According to Plaintiff, the ALJ "played doctor" because she made her finding without the benefit of a consultative examination or State agency assessments on the merits, and instead converted the little raw medical data available into an RFC. *See id*. He

further argues that the ALJ's purported failure to "fully develop the record" through ordering consultative examinations is harmful error, and since the ALJ did not fulfill her duty to develop the record and address the alleged evidentiary gaps, the RFC is not based on substantial evidence, warranting remand. *See id*. at 12.

Defendant disputes Plaintiff's contentions and asserts that it was Plaintiff's burden to establish disability. *See id*. at 9. He asserts that the ALJ properly addressed the State Agency's assessments when rendering her finding that their opinions were unpersuasive because she explained that, although the overall record was limited, there is enough information for her to make a determination. *See id*. Moreover, the ALJ found Plaintiff's testimony that he does not take any medication combined with the lack of post-surgery medical records reveal that his symptoms were not "serious enough to require ongoing medical intervention." *See id*. at 10. According to Defendant, even if the ALJ ordered a consultative examination, the record reflects that Plaintiff "remains relatively independent" regarding his daily activities and his testimony supports a finding of an RFC for medium work. *See id*. Defendant maintains that the ALJ sufficiently discussed the evidence, and Plaintiff impermissibly requests the Court to reweigh it in a light more favorable to his claim. *See id*.

In the Reply, Plaintiff reiterates that the ALJ failed to fully develop the record by not ordering consultative examinations. *See* ECF No. [14] at 3. He argues that the treatment records are insufficient to discredit his allegations because they do not reference his tinnitus issues; do not contain visual examinations; and do not contain any treatment for anxiety and depression despite his claims of such issues. *See id*. at 4. According to Plaintiff, the treatment records in the administrative record are "very basic" and the one record that has any information on Plaintiff's

range of motion testing fails to define his range of motion. *See id*. at 4. Thus, Plaintiff argues that this lack of medical evidence "clearly" prejudiced him. *See id*.

The Court finds that the ALJ did not err in failing to order a consultative examination. ALJs are required to develop the record where needed but are not obligated to order consultative examinations so long as the record has sufficient evidence to make an informed decision. *See Ingram v. Comm'r of Soc. Sec. Admin*., 496 F.3d 1253, 1269 (11th Cir. 2007) (explaining that while Social Security courts are inquisitorial and not adversarial, "claimants must establish that they are eligible for benefits."). Plaintiff bears the burden of proving that his medical impairments render him disabled. 20 C.F.R § 416.912; *see also Ingram*, 496 F.3d at 1269.

To start, Plaintiff's assertion that there is a "clear evidentiary gap" because he has no medical records after September 25, 2023 is unavailing for several reasons. *See* ECF No. [9] at 11. First, Plaintiff failed to produce medical evidence throughout this entire process despite multiple requests from the SSA and cannot now claim that the ALJ failed to fully develop the record. *See e.g.* ECF No. [6-6] at 20 (explaining, *inter alia*, that Plaintiff failed to respond to letters, his appointed representative "has not provided any functional or medical update for this reconsideration claim," and that the SSA exhausted "all reasonable attempts" to obtain Plaintiff's cooperation). While he explains that the reason for the missing treatment records is that he is indigent, he appears to raise this issue for the first time on appeal. *See* ECF No. [9] at 11. In his request for a consultative examination made in the Prehearing Memorandum in Support of a Favorable Decision, Plaintiff simply notes his "medical records do not fully describe the impairments from which they suffer" and that "[a]t this time. . . it would be best to have a consultative examination performed to further develop the extent of [his] physical and mental impairments." ECF No. [6-6] at 89. He does not mention his indigency in this request. Although

Plaintiff points to various sections of the record supporting his indigency, the only section related to inability to afford treatment is related to dental work.[4] *See id*. (citing ECF No. [6-7] at 17).

Plaintiff also argues that the ALJ erroneously relied on the lack of treatment without consideration of his indigency when she found the State Agency consultants' opinions unpersuasive. *See* ECF No. [11] at 13. But Plaintiff's counsel represented to the ALJ on the record during the Hearing that the "record is complete." *See* ECF No. [6-2] at 36. As such, Plaintiff cannot now argue that the record is incomplete. *See Ferrell v. Comm'r of Soc. Sec.*, No. 25-11600, 2026 WL 308862, *2 (11th Cir. Feb. 5, 2026) (affirming that there was sufficient evidence in the administrative record for Commissioner to make an informed decision about entitlement to benefits and no prejudicial evidentiary gaps where the plaintiff failed to "complain that the record was underdeveloped on important issues" and where counsel represented on the record that the evidentiary record was complete).

Next, the Court finds Plaintiff's contention that the ALJ played doctor by converting raw medical data into an RFC unpersuasive. *See* ECF No. [9] at 11. Plaintiff relies on *Whisby v. Colvin*, a case where the Middle District of Georgia held that an ALJ "played doctor" in converting a "bare diagnosis" of hip degeneration noted in a State Agency consultative examination report into a more restrictive RFC finding where such a determination is not a commonsense judgment reviewable by courts. *See* No. 13-CV-360 MTT, 2015 WL 150188, *4-6 (M.D. Ga. Jan. 12, 2015). Specifically, the ALJ in that case determined that the plaintiff was not disabled during the entire relevant period despite an x-ray report suggesting that her condition deteriorated during this time and without gathering information about the nature of the deterioration. *See id*. at *5. Ultimately, the court remanded with instructions to order a consultative examination, if needed. *See id*.

[4] Plaintiff has not alleged disability based on dental pain. *See* ECF No. [6-5] at 11, 18-19; *see also* ECF No. [6-6] at 5.

*Whisby* is distinguishable from this one. Specifically, in *Whisby*, there was medical evidence to suggest a change in that plaintiff's medical condition underlying her alleged disability during the relevant time period. *See id*. That is not the case here where the ALJ explains that Plaintiff was discharged from his hernia surgery without complication and Plaintiff provided no further records regarding treatment. *See* ECF No. [6-2] at 15. Further, the medical history in this case is more straightforward and "does not demand review by a medical professional." *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.") (quoting *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). The ALJ determined, based on the entire record, that Plaintiff's hernia symptoms were not serious enough to require post-surgery medical treatment. *See* ECF No. [6-2] at 15. There is no evidence of complications or further deterioration of his condition.

Finally, Plaintiff speculates that a consultative examination would have supported a more limited RFC finding, but this speculation is insufficient for remand. *See Kever v. O'Malley*, No. 23-CV-626-SMD, 2024 WL 2239738, at *3 (M.D. Ala. May 17, 2024). While Plaintiff alleges that there is an evidentiary gap, he has not shown that "a consultative examination would have addressed this gap or that the gap resulted in unfairness or clear prejudice." *See Kever*, 2024 WL 2239738 at *3. Accordingly, the Court finds that the ALJ did not err in failing to further develop the record and substantial evidence supports the RFC determination. *Ferrell*, 2026 WL 308862, *2 (affirming that there was sufficient evidence in the administrative record and no prejudicial evidentiary gaps where the plaintiff failed to "complain that the record was underdeveloped on important issues" and where counsel represented that the evidentiary record was complete).

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, **ECF No. [9]**, is **DENIED**, Defendant's Motion for Summary Judgment, **ECF No. [13]**, is **GRANTED**, and the ALJ's Decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE and ORDERED** in Chambers, in Miami, Florida, on September 22, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record